IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| NANETTE BEAUDOIN and ANTHONY THERRIEN, husband and wife,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>WALTER CAMPOS, J.B. JUSTICE & COMPANY, and SPARTA INSURANCE COMPANY,<br><br>　　　　　　Defendants. | CV-13-01-BLG-RFC-CSO<br><br>**ORDER** |

　　Plaintiffs filed this action in the District of Montana, Billings Division. The Complaint alleges that Plaintiffs are Canadian citizens and that the accident giving rise to their claims occurred in Judith Basin County, Montana. *See Cmplt (ECF 1) at ¶¶ 1, 11.* Jurisdiction is based on diversity of citizenship.

　　As explained below, the Complaint is subject to dismissal because

-1-

the citizenship of the defendants is not properly pled. It is incumbent upon the Court to satisfy itself of subject matter jurisdiction at all times throughout a proceeding. Rule 12(h)(3), Fed. R. Civ. P., provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The Complaint alleges that Defendant J.B. Justice & Company is "a corporation organized under the laws of, and with its principal place of business in, a state other than Montana..." *ECF 1 at ¶ 2.* This allegation is insufficient to establish diversity jurisdiction. *See Hester v. PHH Mortgage*, 2010 WL 2923495, n. 1 (E.D. Cal. 2010) ("Plaintiffs' diversity jurisdiction allegation that Defendants are 'based in' states other than California 'is insufficient without an allegation as to the state in which [Defendants are] incorporated and that state in which [they have their] principal place of business.'" (citing *Veeck v. Commodity Enter., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973)) (alteration in original)).

The Complaint alleges that Defendant Walter Campos "is an individual believed by Plaintiffs to be a resident of Texas." *ECF 1 at ¶ 3.* Allegations of residency – as opposed to citizenship – are insufficient. *Wachovia Bank v. Schmidt,* 546 U.S. 303, 318 (2006) ("An

individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State"). *See also Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency").

The Complaint alleges that "[u]pon information and belief, Sparta Insurance Company's principal place of business is Connecticut." *Id.* at ¶¶ *3, 4.* This jurisdictional allegation likewise is insufficient to establish diversity jurisdiction. *See Kanter v. Warner-Lambert Co., supra,* 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties"); *see also Jan Marini Skin Research, Inc. v. Fed. Exp. Corp.*, 2010 WL 251648 (N.D. Cal. 2010) ("A petition alleging diversity of citizenship upon information and belief is insufficient").

Furthermore, assuming Plaintiffs' jurisdictional allegations are properly amended, venue is improper in this Division. Local Rule 3.2(b) provides that "venue is proper in any Division of the Court containing a county of proper venue under the laws of the State of Montana." Montana Code Annotated § 25-2-122 provides:

(2) ...if the defendant is a corporation incorporated in a state other than Montana, the proper place of trial for a tort action is:

> (a) the county in which the tort was committed;
>
> (b) the county in which the plaintiff resides; or
>
> (c) the county in which the corporation's resident agent is located...

(3) ...if the defendant is a resident of a state other than Montana, the proper place of trial for a tort action is:

> (a) the county in which the tort was committed;
>
> (b) the county in which the plaintiff resides.

(formatting added).

Thus, based on the allegations of Plaintiffs' Complaint, the proper venue for this tort action is Judith Basin County, Montana – "the county in which the tort was committed." Judith Basin County is in this District's Great Falls Division. See Local Rule 1.2(c)(3).

For the reasons set forth above,

**IT IS ORDERED** that:

1. This case be transferred to the Great Falls Division for assignment to Magistrate Judge Keith Strong, in accordance with the parties' consent to Magistrate Judge jurisdiction *(see ECF 9)*; and

2. On or before May 31, 2013, Plaintiffs may file a motion to

-5-

amend their complaint to properly allege diversity jurisdiction.  Absent amendment, the Complaint is subject to dismissal.

DATED this 18th day of April, 2013.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge